■ In the Matter of the Claim of CARL S. CUMM, Respondent, v. ATLANTIC CEMENT CO., INC., et al., Appellants; BARBER & BENNETT, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, P. J. Appeal from a decision of the Workmen's Compensation Board, filed March 4, 1968. The board has found that the claimant suffered industrial accidents causing injury to his back on January 11, 1963 while in the employ of respondent Barber & Bennett, Inc., and on November 10, 1964 while employed by the appellant, Atlantic Cement Co., Inc. Appellants contend that the record does not contain substantial medical evidence to support the finding of the board that the accident on November 10, 1964 contributed to the disabling condition of the claimant's back. The claimant was treated by Dr. Pike following the 1964 accident for neck pain, and Dr. Pike's records do not indicate that claimant was treated for any back pain. Claimant testified that he did suffer increased back pain immediately following the 1964 accident "from my neck right down". Two of the medical experts testified that if the claimant suffered increased pain in his back following the 1964 accident, then that accident was causally related to the claimant's present disability. Dr. Pike testified that the 1964 accident caused injury to the plaintiff's neck, but he did not render any opinion as to an injury to the plaitintiff's lower back area. The report of Dr. Pike in the record indicates a back strain resulting from the 1964 accident. The fact that one of the experts testified that if the claimant had not had back pain following the 1964 accident there would be no present causal connection merely presented a question of fact to the board as to claimant's credibility. Upon the present record there is no merit to the appellants' contentions. Decision affirmed, with costs to respondents filing briefs. Herlihy, P. J., Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, P. J.; Reynolds, J., dissents and votes to reverse and dismiss the claim in a memorandum. Reynolds, J. (dissenting). I cannot agree that the instant record contains substantial medical evidence to support the board's determination that the November 10, 1964 accident was a contributing factor to the disabling condition of claimant's back. Claimant's medical history clearly reveals that his back difficulties preceded his striking his head on November 10. Three medical witnesses testified and none supplied substantial evidence to support the board. Dr. Kamen, upon receiving a clear understanding of the history, testified that claimant's pre-existing degenerative disc condition caused his disability and, as noted by the majortiy, Dr. Pike " did not render any opinion as to an injury to plaintiff's lower back area ". Dr. Forster testified to causal relationship, but his testimony is so lacking in probative value in that it is

based on an incomplete, if not erroneous, history and only minimal knowledge of the incident (*Matter of Jennette* v. *Dock & Coal Co.*, 22 A D 2d 732) that the majority does not even deign to mention it in any detail. Instead the majority notes that two experts (presumably Drs. Kamen and Forster) stated that if claimant suffered increased back pain after the accident causal relation would exist and that Dr. Pike's records indicate "a back strain resulting from the 1964 accident". They then put these two observations together to affirm the board's finding. First I cannot agree with the utilization of this approach on the issue of causal relationship in the instant case (cf. *Matter of Rados* v. *Woodlawn Water Supply Dist.*, 31 A D 2d 879, where causal relationship was conceded and the only issue was apportionment). Moreover, this testimony was in reply to the hypothetical premise of "if claimant suffered increased back pain after the accident." In view of Dr. Pike's clear testimony that claimant did not suffer increased back pain, and the claimant's own equivocal statements, the basic premise is faulty. Hence, the expert testimony can have no probative value (*Matter of Snyder* v. *Lawrence Warehouse*, 28 A D 2d 589; *Matter of Bergman* v. *Mergenthaler Linotype Co.*, 272 App. Div. 983). Secondly, even assuming the validity of such an aproach, I cannot agree with the majority's assumption that a back strain from the 1964 accident is established. Dr. Pike expressly testified that claimant made no mention of back pain following the accident. Moreover, his report of that accident states: "13. Describe nature and extent of injury and specify all parts of the body involved: Back sprain (cervical and upper dorsal area)." The cervical and dorsal areas of the back more properly refer to the neck (Gray's Anatomy [28th ed.], 57, 796–798). Dr. Pike's report of the 1963 accident states: "13. Describe nature and extent of injury and specify all parts of the body involved: Back sprain (lumbar area)." The lumbar area is the area commonly referred to as simply the back (*ibid*). Even assuming that the cervical and upper dorsal area extends into the area commonly denominated as the "back", it clearly is well removed from the lumbar area where the present disability is involved. Finally, it is, of course, unquestioned that Dr. Pike's 1964 report is based solely on claimant's statements to him and although the claimant testified that he complained of a back pain at that time, it is not clear whether he meant his lumbar spine or cervical spine, and his statements in this regard were rendered palpably suspect by the divergent histories he supplied to the different doctors involved and his admission that it was possible when he was seeing Dr. Pike that he had no complaints as to his back resulting from the November, 1964 accident. Accordingly, I vote to reverse and dismiss the claim.